403 So.2d 1155 (1981)
James T. HAMM, Appellant,
v.
STATE of Florida, Appellee.
No. AF-118.
District Court of Appeal of Florida, First District.
October 1, 1981.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Gregory C. Smith, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
The appellant challenges the validity of his probation Orders, contending that the trial court improperly set forth the terms of the restitution that is to be made by the appellant. We agree and reverse.
The appellant was charged with stealing a shotgun and dealing in stolen property (i.e., another shotgun). At the time these crimes occurred, the victim's house was substantially *1156 damaged by shotgun blasts. The victim told an investigating officer that the appellant caused this damage. Additionally, the victim told the officer that before this shooting incident took place, certain jewelry had been stolen from her house, and she suspected that the appellant was responsible for this earlier incident.
The appellant pled guilty to the crimes charged, and a sentencing hearing was scheduled. At that hearing, the trial court placed the appellant on probation, with a condition that he provide full restitution to the victim, who was to furnish an estimate of her damages to the Probation and Parole Commission ("the Commission"). The appellant's counsel timely objected on several grounds to this condition being imposed. Counsel also requested a hearing on the issue of restitution. The objection was overruled and the request was denied. The Commission later determined that the amount of restitution should include sums for damages to the victim's house as well as for the stolen jewelry.
In Blincoe v. State, 371 So.2d 595 (Fla. 1st DCA 1979), this court addressed a situation similar to the one at bar. In Blincoe, as a condition of probation, restitution was ordered when the appellant was sentenced, without any prior notice that restitution was to be considered. We stated that "notice of the proposed restitution must be provided a defendant and an opportunity afforded him to be heard on the amount of damage or loss." Id. at 596. This procedure was not followed in this case, and reversal is required.
We also note that the trial court improperly requested the commission to determine the amount of restitution due. This determination must be made by the trial court. See McClure v. State, 371 So.2d 196, 197 (Fla.2d DCA 1979). Lastly, in determining the amount of restitution to be paid, the trial court may not "require payment in excess of the amount of damage the criminal conduct caused the victim." Fresneda v. State, 347 So.2d 1021, 1022 (Fla. 1977). The appellant was never charged with nor convicted of stealing the jewelry or causing the damage to the victim's house.
The Orders appealed from are reversed insofar as restitution was made a condition of probation. This cause is remanded with directions to provide the appellant with adequate notice of any proposed restitution, and to afford him an opportunity to be heard on the amount of damages. Such a hearing should be conducted in compliance with this opinion.
ERVIN and SHAW, JJ., concur.