PER CURIAM.
Appellant was charged with two counts of grand larceny for converting two separate checks to his own use; one in the amount of $112.83, the other in the amount of $160.27. Plea negotiations between the defendant and the State resulted in the State dropping Count II of the information and agreeing not to bring any future related charges. The defendant agreed to plead nolo contendere to Count I. At the sentencing hearing, the judge informed the defendant that he would have to pay $6,000 in restitution. Following the hearing, the order appealed from was entered placing appellant on probation. One of the conditions of probation was that defendant pay *57 $6,000 in restitution to the victim. Shortly thereafter defendant filed a motion for correction and reduction of the sentence. The motion challenged the trial court’s authority to order the restitution without notice and an opportunity to be heard. The motion was denied and this appeal followed.
The procedure for requiring a defendant to pay restitution as a condition of probation is set out in Fresneda v. State, 347 So.2d 1021 (Fla.1977). First, the defendant must be provided with notice of proposed restitution and given an opportunity to be heard on the amount. In addition, the amount of restitution ordered may not be in excess of the damage the criminal conduct caused the victim. See also Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA, 1981).
The record discloses that prior to the sentencing hearing, the defendant did not receive notice that restitution would be a condition of probation. In addition, there is nothing in the record which would support a conclusion that the criminal conduct of which defendant was convicted caused $6,000 worth of damage. The Order appealed from is reversed insofar as restitution was made a condition of probation. This cause is remanded with directions to provide appellant with reasonable notice of any proposed restitution, and to afford him an opportunity to be heard on the amount of restitution, to be required. The hearing should be conducted in accordance with Fresneda and Hamm.
SHAW, JOANOS and THOMPSON, JJ., concur.