HENDRY, Judge.
Appellant was tried and found guilty of aggravated battery by the trial judge in a non-jury trial.
Appellant urges reversal on the ground that the evidence adduced by the state was insufficient to support the court’s findings. We find no merit in that contention. It is well settled law that determinations as to the weight of the evidence and the credibility of witnesses, and evidentiary findings and conclusions are exclusively the duty of the trial judge as the trier of fact and an appellate court may not substitute its opinion of the facts or re-weigh the evidence and reach a conclusion different from that of the trial judge. E.Y. v. State, 390 So.2d *1088 776 (Fla. 3d DCA 1980); Heineman v. State, 327 So.2d 898 (Fla. 3d DCA), cert. denied, 336 So.2d 1182 (Fla.1976).
Appellant was placed on probation for a term of three years with a provision that he make restitution in an amount to be determined by the probation supervisor or the court. We agree with appellant’s contention that the trial court erred in delegating authority to the supervisor to determine the amount of restitution to be made. Therefore we remand the cause with instructions to hold an evidentiary hearing as to the amount of restitution to be made. E.Y. v. State, supra. The order placing appellant on probation is in all other respects affirmed.
Affirmed in part and reversed in part with directions.