477 So.2d 26 (1985)
Willie WELLS, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 84-792, 84-1317.
District Court of Appeal of Florida, Third District.
October 15, 1985.
*27 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and BASKIN, JJ.
PER CURIAM.
The appellant's conviction of attempted second degree murder is reversed because of the erroneous admission of hearsay testimony by the investigating police officer concerning material statements related to him by a witness to the incident.[1]Bricker v. State, 462 So.2d 556 (Fla. 3d DCA 1985); § 90.802, Fla. Stat. (1983). The fact that the witness testified at the trial does not affect the inadmissibility of his hearsay statements. Bricker, Aho v. State, 393 So.2d 30 (Fla. 2d DCA 1981). Since, contrary to the only contention now urged by the state, we find that the admission of the out-of-court statements, which were highly adverse to the defendant (and contrary to the witness's trial testimony), was not harmless, a new trial is required.
Reversed.
NOTES
[1] The evidence was apparently admitted below on the theory that information given to an officer upon which his decision to arrest the defendant was based involves some kind of "probable cause exception" to the hearsay rule. We re-reiterate that no such exception exists. Collins v. State, 65 So.2d 61 (Fla. 1953); Kirby v. State, 44 Fla. 81, 32 So. 836 (1902); Postell v. State, 398 So.2d 851 (Fla. 3d DCA 1981), pet. for review denied, 411 So.2d 384 (Fla. 1981); see also Lane v. State, 430 So.2d 989 (Fla. 3d DCA 1983) (no "BOLO exception").