PER CURIAM.
We reject appellant’s contention that the trial court’s failure to conduct a Richardson * hearing or to grant a continuance entitles him to a new trial. As to the first point, a review of the record reveals that the state supplied Jones with all the information in its possession, thereby removing the need for a Richardson hearing. See Marshall v. State, 413 So.2d 872 (Fla. 3d DCA 1982), quashed in part on other grounds, 445 So.2d 355 (Fla.1984). As to the second point, the denial of a motion for a continuance is within the sound discretion of the trial court and will not be overturned in the absence of an abuse of discretion. Echols v. State, 10 F.L.W. 526 (Fla. Sept. 19, 1985); Holman v. State, 347 So.2d 832, 836 (Fla.3d DCA 1977), cert. denied, 354 So.2d 981 (Fla.1978). Holding that the trial court did not abuse its discretion in denying defendant’s motion for continuance, we affirm.
Affirmed.

 Richardson v. State, 246 So.2d 771 (Fla.1971).