493 So.2d 60 (1986)
James DENSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1198.
District Court of Appeal of Florida, Second District.
August 22, 1986.
James Marion Moorman, Public Defender, and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
*61 Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
The appellant, who was convicted of lewd and lascivious assault and of sexual battery on a child 11 years or younger, raises three issues on appeal, two of which involve sentencing and are meritorious.
The trial court stated that it was sentencing the appellant beyond the guidelines range because the appellant had lied at sentencing and was a danger to children. Lying at sentencing is equivalent to perjury  an offense for which no conviction had been obtained. Furthermore, the conclusion that the appellant was a danger to children was grounded upon a revelation in the presentence investigation report that he had committed similar offenses in the past, for which he had not been convicted. Such reasons are clearly excluded as grounds for departure by Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure.
The trial court also ordered the appellant to pay an unspecified amount of restitution to the victim's natural father. Although the appellant urges that restitution was imposed without affording him notice and an opportunity to be heard the court committed no error. Section 775.089 was amended in 1984 to require the court to order restitution unless it states reasons not to do so. "Hence, defendants such as appellant are now on notice that restitution will be considered as a part of every sentencing, and there is no longer any need for advance notice to be given concerning the possibility of restitution." Gilmore v. State, 479 So.2d 791 (Fla.2d DCA 1985).
The court did err, however, when it imposed the following condition of probation: "You will pay restitution to Randy Hodge for all expenses incurred in order to secure psychological treatment for victim... . These payments will be made as directed by your Probation Officer." By ordering the appellant to pay reparation as directed by a probation officer, the court improperly delegated its judicial responsibility and thus committed reversible error. McDonald v. State, 478 So.2d 113 (Fla.2d DCA 1985); J.J.S. v. State, 465 So.2d 621 (Fla.2d DCA 1985).
Accordingly, we reverse and remand this case for resentencing.
GRIMES, A.C.J., and PATTERSON, DAVID F., Associate Judge, concur.