498 So.2d 628 (1986)
Spencer Dura MASSLIENO, Appellant,
v.
STATE of Florida, Appellee.
No. BM-16.
District Court of Appeal of Florida, First District.
December 8, 1986.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Kurt L. Barch, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant Spencer Dura Masslieno appeals from the trial court's order imposing restitution as a condition of probation. The single allegation of error presented in this appeal concerns the language employed by the trial court in the order directing appellant to pay restitution. For the reasons set forth below, we reverse.
In both the oral pronouncement of probation and the written order placing appellant on probation, the trial court directed appellant to "make full restitution as directed by probation officer." Restitution as a condition of probation is proper pursuant to Sections 775.089 and 948.03(1)(e), Florida Statutes (1985).
It is well settled, however, that it is error for the trial court to order restitution in an amount to be determined by the probation officer, since this constitutes an unlawful delegation of judicial responsibility to a nonjudicial officer. Hamm v. State, 403 So.2d 1155, 1156 (Fla. 1st DCA 1981); Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986); Gilford v. State, 487 So.2d 53 (Fla. 2d DCA 1986); Cisneros v. State, 422 So.2d 1087 (Fla. 3rd DCA 1982).
*629 Accordingly, on the basis of this error, we are required to reverse that portion of the probation order which directs appellant to make restitution as directed by his probation officer, with directions to the trial court to enter an order reflecting the trial court's determination of the amount of restitution to be paid. In so doing, we note our agreement with the State's contention that this probationer, who must now make restitution for eleven forged checks, will have difficulty in asserting that he is without knowledge of the amount of restitution due. In addition, we are aware that if a dispute had arisen between the probation officer and appellant as to the amount required to be paid under the order, the Court may have as a practical matter been called upon to resolve the disagreement. Nevertheless, we reverse and remand.
Accordingly, the order imposing restitution as a condition of probation is affirmed, but the portion of the order requiring restitution as directed by the probation officer is reversed and remanded with directions.
MILLS and SHIVERS, JJ., concur.