499 So.2d 24 (1986)
Alonzo Vernon JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. BK-255.
District Court of Appeal of Florida, First District.
December 16, 1986.
Michael E. Allen, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
James appeals from an order of probation directing him, as one of the conditions of his probation, to pay restitution "in an amount to be determined to [the victim]... ." At sentencing, the court announced on the record that the restitution would be "in an amount to be determined at a subsequent hearing in this cause." The court also directed: "The probation officer will attempt to determine the exact amount, and furnish that to counsel and, if possible, we can have a stipulation and not have a hearing on it." Apparently, no request for a hearing, or for amendment of the probation order to specify a particular amount, was ever made. Instead, this appeal was filed.
First, we would like to note that this Court views with disfavor the frivolous exercise of the right to appeal on an issue which could easily have been initially brought to the trial court's attention and remedied. Nevertheless, we affirm the order of probation since the record is silent as to whether the trial court did indeed improperly delegate its responsibility to determine the amount of restitution. Cf. Masslieno v. State, 498 So.2d 628 (Fla. 1st DCA 1986). However, in order to avoid such error, the cause is remanded for the court to hold a prompt hearing to establish the amount and to amend the order accordingly. See Goodling v. State, 482 So.2d 594 (Fla. 4th DCA 1986); J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984); and Hamm v. State, 403 So.2d 1155 (Fla. 1st DCA 1981).
SMITH, THOMPSON and WIGGINTON, JJ., concur.