PER CURIAM.
The appellant, Mitchel Sampson, appeals his convictions on two charges of robbery and the resulting judgments and sentences. After reviewing the briefs and record on appeal, we find no merit in appellant’s argument as it pertains to his convictions and adjudication of guilt. We do, however, find merit in the appellant’s contention that the trial court’s written reasons for departing from the presumptive guidelines sentence are invalid.
The appellant was charged by two informations with two robberies, each in violation of section 812.13(2)(a), Florida Statutes (1983). After the jury found appellant guilty as charged, the trial court departed from the recommended guidelines sentence of twenty-two to twenty-seven years imprisonment by sentencing the appellant to forty years imprisonment for each robbery with 350 days credit for time *313 served. The sentences were to run consecutively to each other and to other sentences being served by the appellant and included the three year minimum mandatory sentence provided by section 775.087(2), Florida Statutes (1983). The trial court provided the following written reasons for its departure:
The defendant was previously convicted of robbery in Hillsborough and Pinel-las Counties. The PSI discloses that the defendant has heretofore committed at least seven robberies, only two of which have been considered by the scoresheet as a “prior conviction.” It is manifestly apparent that the defendant is a career criminal, specializing in robberies, and the public, at this point in time, is entitled to protection from the defendant beyond that protection which a guidelines sentence would provide. The defendant is not a decent candidate for rehabilitation.
Of the reasons given by the trial court, the following are clearly invalid: (1) the defendant is a career criminal, see Tyner v. State, 491 So.2d 1228 (Fla. 2d DCA 1986); (2) the need to protect the public, see Williams v. State, 493 So.2d 48 (Fla. 2d DCA 1986); and (3) the appellant is not a decent candidate for rehabilitation (without providing some explanation of why the appellant cannot be rehabilitated), see Scobee v. State, 488 So.2d 595 (Fla. 1st DCA 1986).
We are unable to determine the validity of the trial court’s consideration of appellant’s “prior convictions” or of the “seven robberies, only two of which have been considered by the scoresheet.” If any of the prior convictions had been factored into the scoresheet, consideration of those convictions in departing would be impermissible. See Hendrix v. State, 475 So.2d 1218 (Fla.1985). If no convictions had been obtained for the five robberies “not considered by the scoresheet,” consideration of these robberies in departing would also be impermissible. See Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986); Patten v. State, 492 So.2d 748 (Fla. 2d DCA 1986). On the other hand, if valid convictions had been obtained for those robberies, we do not understand why these five robberies were not factored into the scoresheet as prior convictions. Although the trial court may have been considering some factors which were. valid reasons for departure, these factors were not clearly or convincingly set out by the trial court. We, therefore, reverse the appellant’s sentence and remand for resentencing consistent with this opinion.
We affirm the trial court, however, in all other respects.
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and SCHOONOVER and HALL, JJ., concur.