520 So.2d 664 (1988)
Freddie McCASKILL, Appellant,
v.
STATE of Florida, Appellee.
No. BP-458.
District Court of Appeal of Florida, First District.
February 24, 1988.
Michael E. Allen, Public Defender, and P. Douglass Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and A.E. Pooser, IV, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Freddie McCaskill beat his sister about her head, face and arms with a gun, causing her to suffer severe injuries, and was convicted of aggravated battery with a deadly weapon. At the time of sentencing, his sister was still in pain, had little use of her hand, and was required to wear a brace on her arm. The court sentenced McCaskill to three years in prison, with credit for time served, followed by one year of probation. The court also ordered the defendant to pay court costs and restitution to his sister for her medical expenses, but did not fix the amount of restitution. McCaskill has appealed, urging as error the failure to set restitution in a specific amount. We *665 find no error in the court's determination to require restitution by the defendant in this case. We are persuaded, however, that the court erred in not setting the amount to be paid by the defendant.
Section 948.03(1)(e), Fla. Stat. (1985) states in clear and unambiguous language that the amount of restitution is "to be determined by the court." Hence, the determination of the amount of restitution may not be delegated to a juvenile counselor, J.J.S. v. State, 465 So.2d 621 (Fla. 2d DCA 1985), nor to a probation officer, Masslieno v. State, 498 So.2d 628 (Fla. 1st DCA 1986). No doubt it would have been reversible error for the court to explicitly order the probation officer to determine the amount of restitution. J.J.S. v. State, supra; Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986). While the sentence did not contain such direction, it nevertheless left the amount open for determination at a future time without directing whether the amount would be set by the court upon hearing or by the probation officer upon presentation of appropriate medical bills. While the latter course would clearly be error, the former would not necessarily be error. James v. State, 499 So.2d 24 (Fla. 1st DCA 1986). The cited statute does not specify when the court must determine the amount, and we conclude that to be a procedural matter falling within the discretion of the trial court.
Here, the victim had not fully recovered from her injuries at the time of sentencing, so the court did not abuse its discretion in leaving determination of the amount to a future date. Because the sentencing order lacked specificity regarding the procedure for setting the amount of restitution at some time in the future, however, we remand this cause to the trial court for hearing to set the proper amount of restitution. Cf. James v. State, 499 So.2d 24.
REMANDED.
BOOTH and WIGGINTON, JJ., concur.