PER CURIAM.
Mitchell Sampson appeals an eighty-year sentence imposed for two counts of armed *918 robbery. The sentence represents a departure from the guideline recommendation of twenty-two to twenty-seven years. Because we find in the record no valid basis for aggravation, we reverse.
Sampson first received this same sentence in 1985. At that time the trial court gave the following reasons for departure:
The defendant was previously convicted of robbery in Hillsborough and Pinel-las Counties. The PSI discloses that the defendant has heretofore committed at least seven robberies, only two of which have been considered by the scoresheet as a ‘prior conviction.’ It is manifestly apparent that the defendant is a career criminal, specializing in robberies, and the public, at this point in time, is entitled to protection from the defendant beyond that protection which a guideline sentence would provide. The defendant is not a decent candidate for rehabilitation.
On appeal this court disavowed at least three of these departure criteria and remanded for resentencing. Sampson v. State, 500 So.2d 312 (Fla. 2d DCA 1986). However, we were unable to determine the validity of the trial court’s consideration of appellant’s prior convictions, or of any robberies which might not have been reflected in the scoresheet. Had convictions been obtained for those offenses, they should have been factored into the scoresheet and could not thereafter support a departure from the guideline recommendation. Hendrix v. State, 475 So.2d 1218 (Fla.1985). On the other hand, a departure would have been impermissible if based upon robberies for which no conviction was obtained. Denson v. State, 493 So.2d 60 (Fla. 2d DCA 1986).
After remand for clarification of this one issue, a second scoresheet was submitted which recommended the same sentence range, and the trial court again departed to the same extent he had done previously. This time the court stated:
Because the instant offenses were committed on June 28, 1984, and July 13, 1984, many other offenses for which the Defendant has been convicted, are not to be considered by the scoresheet and were not considered in the mathematical computation, because they were committed after commission of the instant offenses. Among these other offenses are at least ten robberies or armed robberies and two attempted robberies committed from 8/24/84 through 5/7/85. These convictions should be considered by me in pronouncing sentence on these two robbery convictions.... When considered, the complete criminal history justifies an upward departure.
The trial court was correct in concluding that robberies committed after the instant offenses could not be factored into appellant’s scoresheet. In order to be scored as “prior record,” an offense must have been committed prior to the offense before the court for sentencing. Cousins v. State, 507 So.2d 651 (Fla. 2d DCA 1987). It is also now established that these convictions cannot be relied upon to depart from the guideline recommendation. The offender must not be placed in a worse position, after successful appeal, than had the sentencing error never occurred. Smith v. State, 536 So.2d 1021 (Fla.1988). Accordingly, we must remand for imposition of a sentence within the guideline range. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed.
CAMPBELL, C.J., and SCHOONOVER and HALL, JJ., concur.