570 So.2d 1039 (1990)
Rodney SUMTER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2201.
District Court of Appeal of Florida, First District.
November 21, 1990.
Rehearing Denied January 4, 1991.
*1040 Barbara M. Linthicum, Public Defender, and Lynn A. Williams, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Virlindia Doss, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, Rodney Sumter, contends on appeal that the probationary split sentence imposed upon him violates double jeopardy, that a condition of his probation prohibiting him from being in certain high-crime areas is invalid, that the written order of probation does not conform to the oral pronouncement, and that the trial court erred by imposing costs without adequate prior notice. We affirm as to the first two issues and reverse and remand on the last two.
The probationary split sentence imposed upon appellant is legal. Poore v. State, 531 So.2d 161 (Fla. 1988); Glass v. State, 556 So.2d 465 (Fla. 1st DCA 1990), review granted, No. 75,600 (Fla. Feb. 27, 1990) (oral argument scheduled Dec. 6, 1990); Alexander v. State, 568 So.2d 1341 (Fla. 1st DCA 1990). As in Glass and Alexander, however, we certify the following question to the supreme court as one of great public importance:
DOES A DOUBLE JEOPARDY VIOLATION RESULT FROM THE IMPOSITION OF A PROBATIONARY SPLIT SENTENCE WHEN THE LEGISLATURE HAS NOT EXPLICITLY AUTHORIZED *1041 THAT DISPOSITION IN THE SENTENCING ALTERNATIVES OF SECTION 921.187, FLORIDA STATUTES?
Appellant's complaint regarding the probation condition was not preserved for appellate review because no objection was lodged thereto. The failure to object to a condition of probation constitutes acceptance of that condition. Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989). See also Larson v. State, 553 So.2d 226, 228 (Fla. 1st DCA 1989), petition for review filed, No. 75,085 (Fla. Nov. 22, 1989) (defendant could not appeal condition of probation that he stay out of Tallahassee for five years, because he neither objected nor filed a motion to strike or to correct).
Turning next to the discrepancy between the oral sentencing pronouncement and the written probation order, we agree with appellant that the sentence must be reversed and remanded. The written order provides, in pertinent part, that appellant pay $1.00 per month to First Step, Inc. of Bay County; that he attend drug evaluation and counseling; and that he submit to blood and breathalyzer examinations. Although the trial judge at sentencing referred to this case as a "drug package," he made no mention of the above conditions when he pronounced the terms of appellant's probation. It is axiomatic that a trial court's oral pronouncement controls over its written order, and the inclusion of special conditions of probation in a written order that were not orally pronounced at the sentencing hearing mandates reversal and remand for correction of the written order to conform to the oral pronouncement. Rowland, 548 So.2d at 814. See also Smith v. State, 558 So.2d 534 (Fla. 1st DCA 1990); Williams v. State, 542 So.2d 479 (Fla. 2d DCA 1989).
We also find reversal and remand necessary on the cost issue. Before costs under Sections 960.20, 943.25, and 27.3455, Florida Statutes, can be imposed, prior notice and opportunity to be heard are required. Jenkins v. State, 444 So.2d 947 (Fla. 1984); Mays v. State, 519 So.2d 618 (Fla. 1988); Shipley v. State, 528 So.2d 902 (Fla. 1988); Wood v. State, 544 So.2d 1004 (Fla. 1989). In the instant case, it is undisputed that appellant was not given prior notice and opportunity to be heard before costs were imposed pursuant to section 27.3455.
Appellee's reliance on Bull v. State, 548 So.2d 1103 (Fla. 1989), for a contrary result is misplaced. Bull involved imposition of an attorney's lien under Section 27.56, Florida Statutes. That statute, unlike sections 960.20, 943.25, and 27.3455, contains a notice provision, which the Bull court concluded was satisfied. Jenkins was not overruled in Bull. In fact, the court in Bull specifically stated it saw no conflict with Jenkins. Bull, 548 So.2d at 1105. Because Jenkins and its progeny, not Bull, control in the instant case, appellant was entitled to prior notice and opportunity to be heard before costs were imposed.[1] Appellant's sentence is therefore reversed without prejudice for the state to tax those costs in accordance with due process requirements.
AFFIRMED in part, and REVERSED and REMANDED in part.
BARFIELD, J., concurs.
BOOTH, J., concurs in part with written opinion.
BOOTH, Judge, concurring in part.
I would affirm on all issues except Issue III. As to that issue, I agree with the majority that remand is required for resolution of the discrepancy between the court's oral and written pronouncements.
NOTES
[1] To the extent that Rhodes v. State, 566 So.2d 593 (Fla. 1st DCA 1990), may be read as applying the lesser Bull notice requirements to costs imposed under sections 960.20, 943.25, and 27.3455, we must disagree therewith.