SHIVERS, Chief Judge.
The appellant/defendant appeals his conviction and sentence of grand theft, raising three arguments: (1) that the trial court erroneously denied his motion for mistrial; (2) that the written probation order fails to conform to the trial court’s oral pronounce *185 ment with regard to probationary term and amount of restitution; and (3) that the trial court erred in delegating the determination of amount of restitution to appellant’s probation officer.
We affirm the first issue, finding that the comment made by the prosecutor in the instant case, even if erroneous, was not so prejudicial as to vitiate the entire trial or to deprive appellant of a fair trial, especially when weighed against the strong evidence of guilt which was presented by the State. Buenoano v. State, 527 So.2d 194 (Fla.1988); Duest v. State, 462 So.2d 446 (Fla. 1985). We remand the written probation order, however, with instructions that the trial court issue a new order changing the term of probation to three years, with the special condition that appellant serve nine months in county jail, so as to conform to the oral pronouncement made at the sentencing hearing. Brammer v. State, 554 So.2d 671 (Fla. 2d DCA 1990). On remand, the trial court must also determine the amount of restitution that appellant will be required to pay, and amend the order of probation accordingly. Calhoun v. State, 546 So.2d 1194 (Fla. 1st DCA 1988).
SMITH and MINER, JJ., concur.