582 So.2d 759 (1991)
Richard Christopher ASHE, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1009.
District Court of Appeal of Florida, First District.
July 11, 1991.
Rehearing Denied August 8, 1991.
Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Suzanne G. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Richard Christopher Ashe has appealed the sentence imposed following his plea of nolo contendere to grand theft, burglary of a conveyance, armed robbery with a firearm, possession of a short-barrelled shotgun, and two counts of battery on a law enforcement officer. We affirm in part and reverse in part.
Following the entry of his plea, Ashe was sentenced to 12 years incarceration *760 followed by 10 years probation, and four 5-year terms of incarceration, all to run concurrently. At the sentencing hearing, the trial court imposed payment of costs and restitution as conditions of probation. Determination of the amount of restitution was left to the probation officer, the court to intervene only if the parties could not agree on the amount. Costs were to be paid under "a payment schedule as directed by the probation officer," and restitution was similarly to be paid "as directed by the probation officer." Another condition, not orally imposed at the hearing, directed the payment of $1.00 per month to a local program.
On appeal, Ashe alleges that the trial court improperly delegated judicial functions by allowing the probation officer to set a payment schedule and determine the amount of restitution. He also alleges that there is no statutory authorization for a sentence in which a period of incarceration is followed by a period of probation with no incarceration withheld. The latter issue has been decided adversely to Ashe in Glass v. State, 574 So.2d 1099 (Fla. 1991), and we therefore affirm as to that issue.
However, as to the conditions of probation challenged by Ashe, we must reverse. While Ashe did not object to the delegations of authority by the trial judge, the failure to object does not confer on others the authority to violate the law, i.e. to delegate to a probation officer a purely judicial function. Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991). The determination of the amount of restitution is a non-delegable judicial responsibility, as is the determination of the defendant's ability to pay, i.e. by establishing a rate of payment. Ballance v. State, 447 So.2d 974, 976 (Fla. 1st DCA 1984); Barrett v. State, 573 So.2d 184 (Fla. 1st DCA 1991). The conditions of probation challenged by Ashe are therefore reversed, and the case remanded for determination of the amount of restitution, and amendment of the probation order accordingly.
As for the special condition of payment of $1.00 to the local fund, this condition was not orally imposed at the hearing. The written order of probation must conform to the oral pronouncement. Bryant v. State, 577 So.2d 1372 (Fla. 1st DCA 1991). The state's argument that Ashe agreed to let the court impose special conditions at will is without merit. See Larson. Therefore, on remand, the trial court shall conform the written order to the conditions as pronounced at the hearing.
Affirmed in part, reversed in part, and remanded.
JOANOS, C.J., and WIGGINTON and NIMMONS, JJ., concur.