WIGGINTON, Judge.
William Robinson appeals from his judgment and sentence for manslaughter. His first point is whether the trial court erred when it refused to grant his motion for mistrial based on an alleged discovery violation by the state. We affirm. Since the state had given everything it had to the defense, and the defense agreed that the prosecutor had done so, a “Richardson” hearing was not required. See Jones v. State, 477 So.2d 26 (Fla. 3d DCA 1985).
Robinson’s second point is whether the trial court improperly imposed restitution. Because Robinson did not object to the trial court’s failure to consider his ability to pay restitution, he has waived that point. Williams v. State, 565 So.2d 849 (Fla. 1st DCA 1990). However, we must reverse the order of restitution insofar as it would appear that the trial court improperly delegated its duty to determine the amount of restitution to Robinson’s probation officer. At the sentencing hearing, the court orally ordered that during the *89 term of probation, Robinson was to make restitution, allowing that “the probation people will figure out what the medical bill was and let you know what this is when you get out of prison.” However, five days after sentencing, the trial court entered an order nunc pro tunc to the date of the sentencing hearing specifying the amount of restitution and the persons and organizations to which it was to be paid.
No doubt, it is reversible error for the court to explicitly order the probation officer to determine the amount of restitution. McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988). Since it appears that that is precisely what occurred in the instant case, instead of the court itself determining the correct amount upon hearing, we must reverse and remand this cause to the trial court. McCaskill; James v. State, 499 So.2d 24 (Fla. 1st DCA 1986). While Robinson did not object to the delegation of authority, the failure to object does not confer on the court the authority to violate the law, i.e., to delegate to a probation officer a purely judicial function. Ashe v. State, 582 So.2d 759 (Fla. 1st DCA 1991).
The cause is remanded for the court to hold a prompt hearing to establish the amount and to amend the order accordingly. James.
WOLF, J., and CAWTHON, Senior Judge, concur.