JOANOS, Chief Judge.
This is an appeal from a written order of probation, requiring appellant to pay restitution in accordance with the direction of a probation officer. Appellant contends that the trial court must determine the amount of restitution to be imposed as a condition of probation. The state concedes that the probation orders must be amended to reflect the specific amount of restitution to be paid on each count. We reverse.
The record reflects that appellant pled nolo contendere to fifteen felony counts of issuing worthless checks. The trial court adjudicated appellant guilty on all counts, and imposed five-year consecutive terms of imprisonment as to the first four counts. On the fifth count, the trial court imposed five years probation, to run consecutively to the incarceration, for restitution purposes. In addition, five years probation was imposed on the remaining ten counts, with the condition that appellant pay restitution to all victims, including the bank charges incurred by the victims as a result of cashing worthless checks. The written restitution order specified an amount of restitution on each of the first four counts, but the record contains no written order specifying the amount of restitution for the remaining eleven counts. Rather, the written probation order states: “You will pay restitution in all cases as directed by your probation officer.”
Section 948.03(l)(e), Florida Statutes, expressly states that the amount of restitution is “to be determined by the court.” In other words, the determination of the amount of restitution to be made in each case may not be delegated to a probation officer. Gray v. State, 535 So.2d 721 (Fla. 1st DCA 1988); McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988); Masslieno v. State, 498 So.2d 628 (Fla. 1st DCA 1986).
Accordingly, this matter is remanded to the trial court for correction of the probation order to reflect the specific amount of restitution due as to each count, after a determination of that amount has been made by the trial court.
SHIVERS and MINER, JJ., concur.