594 So.2d 823 (1992)
John Wayne MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2167.
District Court of Appeal of Florida, First District.
February 25, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
This appeal is taken from a sentencing error which occurred in the context of a sentencing plan involving incarceration and probation. The error, which is apparent on the face of the record, was occasioned by imposition of consecutive sentences, which had the effect of interrupting periods of community control with a period of probation. The state agrees that the sentencing plan devised by the trial court was improper, and ordinarily would require reversal and remand for resentencing. However, the state urges that since this error was not brought to the trial court's attention, this court should dismiss the appeal without prejudice, or relinquish jurisdiction to the trial court to allow the trial court an opportunity to correct the sentence pursuant to a motion filed under Florida Rule of Criminal Procedure 3.800(a).
Where a sentencing plan involves periods of incarceration or community control followed by periods of probation, the statutes do not authorize intermittent periods *824 of incarceration and probation. Rather, the incarcerative portions of the sentences must be served in a continuous period, to be followed immediately by the nonincarcerative portion of the sentence. Washington v. State, 564 So.2d 563 (Fla. 1st DCA 1990); Lanier v. State, 504 So.2d 501 (Fla. 1st DCA 1987); Sanchez v. State, 538 So.2d 923 (Fla. 5th DCA 1989). See also Porter v. State, 585 So.2d 399 (Fla. 1st DCA 1991).
Since the sentencing plan imposed in this case is not authorized by statute or case law, the matter must be remanded with directions to sentence appellant in such manner that the incarcerative and community control portions of his sentence are served in a continuous uninterrupted stretch. See Lanier, 504 So.2d at 503. The state's argument that the court ought not entertain appeals from sentencing errors that are readily correctable pursuant to a rule 3.800(a) motion has appeal. However, as the state recognizes, appellant is entitled to a direct appeal of the sentencing error in this case. State v. Whitfield, 487 So.2d 1045 (Fla. 1986).
Although the patent sentencing error in this case requires reversal and remand for resentencing, judicial economy is not served by direct appeal of such sentencing errors readily correctable within the thirty day period for filing a notice of appeal. We agree with the state that better practice suggests such errors be brought to the trial court's attention, thereby obviating a direct appeal in many instances.
Accordingly, the sentences are reversed and remanded for resentencing.
ERVIN and ALLEN, JJ., concur.