PER CURIAM.
We affirm appellant’s twelve convictions,[1] but remand to the trial court for resentencing, due to numerous problems with the judgments and sentences entered of record.
The written judgment and sentence does not conform with the oral pronouncement of sentence. First, the written sentence incorrectly imposes fifteen years of probation for the forgery counts. Since the trial court only imposed a period of probation for the burglary count, the written sentence should be corrected.
*854 Second, the record reflects that the trial court did not sentence appellant to a period of incarceration for the burglary count. Therefore, the written sentence imposing a nine year period of incarceration on this count should be corrected.
Third, the written sentence imposed for the petit theft count, count two, incorrectly states that the period of incarceration should be followed by fifteen years of probation. The trial court did not impose a period of probation for this count. The written sentence also incorrectly reflects that appellant was sentenced as an habitual offender on the petit theft count. Appellant cannot be sentenced as an habitual offender for a misdemeanor offense. Peterson v. State, 576 So.2d 1385 (Fla. 4th DCA 1991); § 775.084(l)(a)2, Fla.Stat. (1989).
Fourth, the written sentence imposed for the fraudulent use of credit card convictions, counts eight through twelve, incorrectly states that the period of incarceration should be followed by fifteen years of probation. As the trial court did not impose a period of probation for those counts, the written sentence must be corrected.
Fifth, the written sentences as to count two and counts eight through twelve state that the county jail terms, some thirty and some ninety days, are concurrent to the other counts and consecutive to the fifteen year probationary period. The transcript of the sentencing hearing does not indicate whether the trial court imposed the county jail terms consecutive to the fifteen years of probation. An illegal sentence would result if the probationary term fell between or interrupted incarcerative sentences. Humphrey v. State, 579 So.2d 335 (Fla. 2d DCA 1991); Mitchell v. State, 594 So.2d 823 (Fla. 1st DCA 1992). Since the trial court’s intent is not clear, these sentences should be reversed and remanded for clarification.
Next, although not raised by the appellant, the written sentence reflects that appellant was charged under section 817.60, Florida Statutes, with five counts of forgery of a credit card ticket. The amended informations, however, changed these counts of forgery under section 831.01, Florida Statutes. The written sentence should be corrected to reflect the changes made by the amended informations.
Two other matters raised in appellant’s brief deserve comment.
Appellant correctly argues that the trial court did not determine whether the fraudulent use of a credit card counts were misdemeanors or felonies. Although both parties assert that this matter was discussed before trial, the matter did not arise until the sentencing hearing. Appellant’s motion to strike amended informations only addressed the state’s elevation of the counts “of wrongful use of a credit card, misdemeanors under Fla.Stat. 817.60(7), to felonies under the general forgery statute.” Section 817.60(7) concerns signing the credit card of another. A review of the discussion between the parties and the trial court before the trial indicates that the issue raised by appellant at the sentencing hearing, that appellant was tried on separate counts of fraudulent use of a credit card which constitute misdemeanors, was not specifically discussed. At the sentencing hearing, the state asserted that the section 817.61 counts were felonies because appellant used the credit card more than two times in a six month period. Since the trial court never made a finding whether these counts (and therefore the convictions) were felonies or misdemeanors, the matter should be remanded to the trial court to make this determination.
We do not agree with appellant’s assertions as to the trial court’s ability to impose a written judgment and sentence for count seven.[2] At sentencing the trial court stated, “On each of the five counts of forgery in information 90-309, 90-310 and 90-311, I’m going to sentence you to a period of nine years in the State Prison as a habitual offender.” At the end of the *855 bench trial, the trial court found appellant guilty of the forgery count in case number 90-312. Although the trial court did not mention case number 90-312 when sentencing appellant, she referred to the five counts of forgery of which she had found appellant guilty. Since the only other count of forgery which appellant was found guilty of was in case number 90-312, the trial court did not err in failing to list this case number.
We reverse the written judgments for the reasons mentioned in this opinion and remand these matters so that the trial court may enter appropriate judgments and sentences as to those various charges of which she has properly found appellant guilty.
BOOTH, WOLF and KAHN, JJ., concur.

. Appellant was convicted in a bench trial of five counts of forgery, five counts of fraudulent use of a credit card, one count of burglary, and one count of petit theft.

. Although appellant refers to case number 90-231, this case contains no forgery charge. As the written sentence refers to count seven as case number 90-312, it will be assumed that appellant’s reference to case number 90-231 was a typographical error.