PER CURIAM.
A jury found the appellant, Owen Temple Flowers, guilty of battery upon a law enforcement officer. He was subsequently placed on probation for that offense and this appeal challenges the court’s probation order. Appellant’s counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), in which she states that but for a minor sentencing error cognizable in an Anders appeal, she is unable to make a good faith argument that reversible error occurred in the trial court. Our independent review of the record persuades us that counsel is correct. We therefore affirm the probation order in all respects but remand for deletion of one condition of probation erroneously imposed.
At sentencing, the trial judge announced his decision to withhold adjudication of the appellant’s guilt and sentence the appellant to 12 months of probation. On the same day, the judge signed an order embodying the sentence orally pronounced, but including this condition of probation not mentioned at the sentencing hearing: “The court retains jurisdiction to place you in the Probation and Restitution Center upon recommendation of your Probation/Community Control Officer without the finding of Violation of Probation/Community Control.” Inclusion in a written order of special conditions of probation that were not orally pronounced at the sentencing hearing mandates a remand with instructions that the written order be corrected to conform with the oral pronouncement. See Sumter v. State, 570 So.2d 1039, 1041 (Fla. 1st DCA 1990), rev. dismissed, 583 So.2d 1037 (Fla.1991); Rowland v. State, 548 So.2d 812, 813 (Fla. 1st DCA 1989); Bryant v. State, 577 So.2d 1372, 1375-76 (Fla. 1st DCA 1991); and Ashe v. State, 582 So.2d 759, 760 (Fla. 1st DCA 1991). We therefore reverse the appealed order of probation and remand for deletion of the above-referenced condition. In all other respects, the order is affirmed.
SMITH, ZEHMER and ALLEN, JJ., concur.