JOANOS, Chief Judge.
James A. Johnson (appellant) appeals his conviction and the sentences imposed after he pled no contest to charges of arson of a dwelling, and burglary of a dwelling with intent to commit arson. Appellant contends the sentencing plan imposed by the trial court is illegal in that imposition of consecutive sentences resulted in a piecemeal probationary period, interrupted by a period of community control, and some of the written conditions of probation must be stricken because they were not pronounced orally at sentencing. We reverse and remand for resentencing.
For the Count I charge of arson, the trial court imposed a nine-year sentence, to be followed by a six-year probationary term; payment of statutory fees and costs of $229.00; 1,000 hours of community service; and payment of restitution in the amounts of $450.00 and $2,000.00. For the Count II charge of burglary of a dwelling, the trial court imposed a two-year community control sentence, to be followed by a fifteen-year probationary term; payment of statutory fees and costs of $229.00; and payment of a $5,000.00 fine; the Count II sentence to run consecutively to the sentence imposed on Count I.
When a sentencing plan involves both periods of incarceration or community control, together with periods of probation, the plan must be devised in such manner that the incarcerative and community control portions are served in a continuous uninterrupted stretch. See Mitchell v. State, 594 So.2d 823 (Fla. 1st DCA 1992), and cases cited therein. Intermittent periods of incarceration or community control, interrupted by probationary periods, are not authorized by statute. Id. The sentencing plan imposed by the trial court in this case results in incarceration for nine years (less credit for time served), followed by probation for six years, followed by community control for two years, followed by a second probationary term of thirteen *284 (or fifteen) years. The state agrees that the resulting intermittent sentences are impermissible, and must be reversed and remanded for resentencing.
In addition to the intermittent nature of the sentences imposed, the record reveals several minor problems that should be addressed on remand. First, the state correctly notes that Count II of the information charged a violation of section 810.-02(3), a second degree felony, but the written judgment classified the offense as a first degree felony. Florida Rule of Criminal Procedure 3.140(d)(1) provides that each count of an information “shall recite the official or customary citation of the statute, ... which the defendant is alleged to have violated.” Rule 3.140(d)(1) also states: “Error in or omission of the citation shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to his prejudice.” The sentence imposed on Count II of this case was consistent with the fifteen-year statutory limit for a second degree felony. Thus, it appears the designation on the written judgment was a scrivener’s error which did not mislead or prejudice appellant. However, the scrivener’s error should be corrected on remand.
Second, the sentencing transcript reflects that with respect to Count II, the trial court placed appellant on community control for two years, to be followed by fifteen years of probation. The written community control and probation order reflects a thirteen-year probationary period. Since the thirteen-year probationary period would accord with the statutory maximum for a second degree felony, the fifteen-year period of probation reflected in the transcript may be a reporting error, which should be clarified on remand.
Third, appellant challenges several conditions of probation and community control. Since, with one exception, the challenged conditions are statutorily authorized, see § 948.03, Fla.Stat. (1989), it appears appellant was on constructive notice that these conditions could be imposed. See State v. Beasley, 580 So.2d 139 (Fla.1991); Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla.1991) (Table No. 78,595). Further, at the sentencing hearing, the trial court ordered appellant to be gainfully employed, thereby placing him on actual notice of the employment condition.
The one exception concerns the imposition of $1.00 per month to First Step, Inc., of Bay County, as a condition of both community control and probation. This condition was not orally pronounced at sentencing, but was included in the written community control and probation orders. Since there is no statutory authorization for this charge, appellant was not on constructive or actual notice of this condition. Therefore, the community control and probation order provisions requiring payment of $1.00 per month to First Step, Inc., are reversed. See Flowers v. State, 595 So.2d 263, 263 (Fla. 1st DCA 1992); Sumter v. State, 570 So.2d 1039, 1041 (Fla. 1st DCA 1990), review dismissed, 583 So.2d 1037 (Fla.1991); Rowland v. State, 548 So.2d 812, 813 (Fla. 1st DCA 1989). In all other respects, the community control and probation orders are affirmed.
As a final note, we decline to consider the state’s contention that the sentence imposed on Count II was a downward departure, unsupported by written reasons. An examination of the record reveals that this matter was not brought to the trial court’s attention at sentencing, a motion to correct illegal sentence was not filed, and the state has not cross-appealed on this issue.
Accordingly, appellant’s convictions are affirmed, but the sentencing disposition is reversed and remanded for resentencing.
BOOTH and ZEHMER, JJ., concur.