599 So.2d 269 (1992)
Kent Wayne SHADDIX, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1135.
District Court of Appeal of Florida, First District.
May 28, 1992.
*270 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant Shaddix was tried and found guilty of burglary of a dwelling in Case No. 90-2148 pursuant to section 810.02, Florida Statutes (1989). The trial court sentenced him to twelve years in prison, with credit for time served, followed by three years of probation. He received a one-year concurrent prison sentence in Case No. 90-2605 for the crime of criminal mischief pursuant to section 806.13(1)(b)2., Florida Statutes (1989). Appellant's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating an inability to make a good-faith argument for reversible error by the trial court, but noting several minor sentencing errors cognizable in an Anders appeal. See Coupe v. State, 564 So.2d 1199 (Fla. 1st DCA 1990), approved as modified on other grounds, In re Anders Briefs, 581 So.2d 149 (Fla. 1991). Our independent review of the record persuades us that counsel is correct. We therefore affirm the underlying convictions and incarcerative portions of the sentence, and affirm the order of probation insofar as the written conditions comport with the oral pronouncements made at sentencing, see Rowland v. State, 548 So.2d 812 (Fla. 1st DCA 1989), or meet the constructive notice requirements explained in State v. Beasley, 580 So.2d 139 (Fla. 1991). As to the other provisions of the order of probation, which are discussed below, we reverse, and remand with directions.
At the sentencing hearing, the state inquired whether restitution had been considered and the trial court answered in the affirmative. An order entered on the date of sentencing, March 19, 1991, states without further explanation: "Restitution is not applicable in this case." The March 27, 1991, Judgment, Sentence and Order Placing Defendant on Probation During Portion of Sentence is a standard sentencing form reciting sixteen mandatory conditions of probation. Condition (12) states "[y]ou will pay restitution in the amount as directed by your probation officer." We find error in several respects.
The form language of Condition (12) is inconsistent with the prior order, requiring clarification on remand so Shaddix will know exactly what he must do or refrain from doing while on probation. See Almond v. State, 350 So.2d 810 (Fla. 4th DCA 1977), cert. den., 358 So.2d 128 (Fla. 1978). The amount of restitution, if any, must be determined by the trial court pursuant to section 948.03(1)(e), Florida Statutes (1989), and this purely judicial function may not be delegated to a probation officer. Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991); Cisneros v. State, 422 So.2d 1087 (Fla. 3d DCA 1982). We note the version of the restitution statute applicable at the time of the 1990 offense, see Bunting v. State, 361 So.2d 810 (Fla. 4th DCA 1978), requires the trial court to order restitution as a condition of probation "unless it finds clear and compelling reasons not to order such restitution." See sections 775.089(1)(a) and 948.03, Florida Statutes (1989). Any decision not to order restitution must be supported by reasons stated in detail in the record. See sections 775.089(1)(b) and 948.03(1)(e), Florida Statutes (1989).
Condition (11), directing appellant "to pay $1.00 per month to First Step, Inc. of Bay County," was not orally imposed at *271 the sentencing hearing. We find no statutory authorization for this charge that would have put appellant on actual or constructive notice of this special condition, unlike the circumstances in Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), rev. den., 593 So.2d 1052 (Fla. 1991), and Tillman v. State, 592 So.2d 767 (Fla. 2d DCA 1992). As to a similar discrepancy between verbal and written conditions of probation in Ashe v. State, 582 So.2d 759, 760 (Fla. 1st DCA 1991), we reversed and remanded the provision for the trial court to conform the written order to the conditions as pronounced at sentencing. We do likewise here. See Johnson v. State, 598 So.2d 282 (Fla. 1st DCA 1992); Flowers v. State, 595 So.2d 263 (Fla. 1st DCA 1992); McCollun v. State, 586 So.2d 490 (Fla. 1st DCA 1991); Sumter v. State, 570 So.2d 1039 (Fla. 1st DCA 1990).
Several other requirements pertaining to alcohol or substance abuse screening, counseling and treatment (Conditions 13 and 14) and to submission to breathalyzer, blood tests and/or urinalysis examinations (Condition 15) were orally pronounced in general terms at the hearing. Although the wording of the written conditions differs slightly, we find no error as to those standard probational conditions, as appellant made no objection. See Sumter, 570 So.2d at 1041; Rowland, 548 So.2d at 814. Furthermore, appellant was on constructive notice of these conditions enumerated in section 948.03(1)(j), Florida Statutes (1989), so that, under the rationale of Beasley and our decision in Hayes, no oral pronouncement was necessary. See Cumbie v. State, 597 So.2d 946 (Fla. 1st DCA 1992); Tillman. Likewise, the restrictions of Condition (4) derive from section 790.23(1), Florida Statutes (1989), making unlawful the ownership or possession of firearms or other weapons by a convicted felon.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.
MINER and WOLF, JJ., concur.