609 So.2d 83 (1992)
Timothy James WALLS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1143.
District Court of Appeal of Florida, First District.
November 24, 1992.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker and Edward C. Hill, Jr., Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Timothy James Walls has appealed the terms of the trial court order placing him on probation, entered after his plea of nolo contendere to forgery, uttering, petit theft, and exploiting an aged person. Specifically, Walls alleges that the written order of probation imposes a condition not orally pronounced, and that the trial court impermissibly delegated the determination of the amount of restitution to Walls' probation officer.
Following Walls' entry of the plea described above, the trial court sentenced him to a term of incarceration followed by probation. The judge ordered restitution as a condition of probation, and orally stated that "that amount will be proposed to you by the probation department. If you disagree with the amount, you have a right to return to the court for a hearing and I would specify the amount of restitution that must be made." Condition (12) of the written probation order reflected this pronouncement, requiring Walls to "make restitution ... as determined by Parole and Probation." Condition (9) of that order stated that "the court retains jurisdiction to place you in the Probation and Restitution Center upon recommendation of your Probation *84 ... Officer without the finding of Violation of Probation...."
Walls argues that the trial court erred in delegating to his probation officer the judicial function of determining the amount of restitution. He also argues that Condition (9) must be stricken, in that it was not orally pronounced at sentencing. The state concedes error on the latter issue, and requests remand for correction of the probation order. As to the delegation issue, the state argues that Walls did not object to the trial court's method for determining the restitution amount, and maintains that the issue is frivolous, citing James v. State, 499 So.2d 24 (Fla. 1st DCA 1986) (court termed "frivolous" the exercise of the right to appeal on this issue, in that it could easily have been brought to the trial court's attention and remedied).
A special condition of probation will be stricken from the written probation order if the trial court failed to pronounce the condition orally at sentencing. See, e.g., Evans v. State, 602 So.2d 998, 999 (Fla. 1st DCA 1992). Condition (9) of the written probation order herein, although not precisely phrased as a condition, was not orally pronounced at sentencing. Based on Evans, and on the state's concession of error, we remand with directions to strike Condition (9) from the written probation order herein.
The trial court's delegation to Walls' probation officer of the determination of the amount of restitution was clearly error, Shaddix v. State, 599 So.2d 269 (Fla. 1st DCA 1992), which was not remedied by the trial court's offer to hold a hearing should Walls disagree with the probation officer. See Masslieno v. State, 498 So.2d 628, 629 (Fla. 1st DCA 1986) (court reversed similar delegation despite possibility that trial court could have been called upon to resolve any disagreement between defendant and probation officer as to the amount).
As for Walls' failure to object, a trial court order of restitution in an amount to be determined by the probation officer constitutes an unlawful delegation of judicial responsibility to a nonjudicial officer, Masslieno at 628, and the failure to object does not confer the authority to violate the law in this manner. Larson v. State, 572 So.2d 1368, 1371 (Fla. 1991). Walls' failure to object therefore creates no bar to consideration of the issue herein, on which we reverse and remand for further proceedings.[1]
Based on the foregoing, we reverse the order on appeal and remand with directions to strike Condition (9) from the written probation order, and for the determination of the amount of restitution by the trial court and the entry of an order reflecting the trial court's determination of that amount.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.
NOTES
[1] Despite the James court's denomination of the issue as "frivolous," we note that the court nevertheless reversed and remanded for a restitution hearing. We also reverse and remand, but adopt the caveat in James that appeals on this issue are frivolous where remedies are available before the trial court. See King v. State, 546 So.2d 122 (Fla. 1st DCA 1989).