615 So.2d 230 (1993)
Marcus W. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3253.
District Court of Appeal of Florida, First District.
March 8, 1993.
Kimberly Fitzpatrick Pell, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Marcus W. Taylor has appealed from portions of the judgment and sentence filed after his guilty plea to grand theft and robbery, alleging that they do not conform to the oral pronouncement of sentence. We remand for correction of the written judgments and sentences to conform to the oral pronouncement.
In June 1991, Taylor pled guilty to grand theft (Case No. 91-754) and robbery (Case No. 91-1222). Although the state initially sought habitual felony offender classification, it later declined to do so when it became apparent that Taylor did not have the requisite prior felony convictions. The trial court orally sentenced Taylor in 91-754 to 5 years incarceration, and in 91-1222 to 4 years incarceration plus 10 years probation, to run consecutively to the sentence in 91-754; Taylor was not sentenced as an habitual felony offender. As conditions of probation, the trial court orally imposed 1000 hours of community service, and "restitution in an amount to be determined at a subsequent hearing."
The written judgments and sentences were inconsistent with the oral pronouncement in the following respects: 1) habitual offender status is indicated as to both cases; 2) the sentence in 91-754 states that it will run consecutively to that in 91-1222, resulting in two periods of incarceration interrupted by probation; 3) the written probation order in 91-1222 delegates the determination of the amount of restitution to Taylor's probation officer; and 4) the written probation order imposes the condition of payment of $1.00 monthly to First Step of Bay Co., Inc. Taylor argues that these judgments and sentences must be conformed to the oral pronouncement, Rowland v. State, 548 So.2d 812, 814 (Fla. 1st DCA 1989), and the state agrees.
We therefore remand this case for correction of the written judgments and sentences to conform to the oral pronouncement as follows: 1) strike all indication that Taylor was classified an habitual felony offender; 2) strike the statement in 91-754 that its sentence is to run consecutively to that in 91-1222, and state clearly in 91-1222 that its sentence is to run consecutively to 91-754, see Simmons v. State, 594 So.2d 853, 854 (Fla. 1st DCA 1992); 3) amend Condition 13 of the written probation *231 order to indicate that restitution shall be paid in an amount to be determined by the trial court at a subsequent restitution hearing, see Walls v. State, 609 So.2d 83 (Fla. 1st DCA 1992); and 4) strike Condition 11 of the written probation order requiring payment of $1.00 monthly to First Step of Bay Co., Inc., see Jennings v. State, 595 So.2d 251, 253 (Fla. 1st DCA 1992).
Remanded with directions.
JOANOS, C.J., and ZEHMER and WEBSTER, JJ., concur.