W. SHARP, Judge.
Elmore appeals from an order of the trial court withholding adjudication of guilt for aggravated assault and placing him on probation with a number of special conditions. He argues one condition — payment of $1,665.05 to the Flagler Hospital as restitution — should be stricken because it was not orally announced at the sentencing hearing, although it appears in the written order of probation, rendered after the hearing. We remand for the purpose of addressing this discrepancy.
Elmore was originally charged with the first degree murder of Donna Washington. A list of persons and entities to whom restitution should be paid (including $1,614.85 to the hospital) was in the presentence investigation report. Elmore originally objected to any restitution.
Elmore’s plea to the lesser offense and his agreement to pay restitution were apparently worked out off the record. At the sentencing hearing, the judge read from the P.S.I. the list of victims and losses to be repaid.[1] He only omitted reading the hospital from this list. Elmore did not object to restitution.
It appears likely from this scenario that the judge may have inadvertently omitted Flagler Hospital from the list of victims read at the hearing, and that it was indeed part of the informal understanding agreed to by the parties. In such cases, the trial judge’s failure to orally pronounce this condition of probation may be viewed as a “discrepancy” between the oral and written judgment. See Cleveland v. State, 617 So.2d 1166 (Fla. 5th DCA 1993).
We therefore remand this cause to the trial court to resolve this discrepancy. If the omission of the Flagler Hospital’s restitution was a mistake, and Elmore was aware it should have been included with the others, the trial court shall make such a finding and reimpose the list as written. If not, the condition should be stricken. See Walls v. State, 609 So.2d 83 (Fla. 1st DCA 1992); Boone v. State, 608 So.2d 564 (Fla. 1st DCA 1992).
REMANDED for further proceedings.
DIAMANTIS and THOMPSON, JJ., concur.

. At the sentencing hearing, the court stated as follows:
THE COURT: All right. In accordance with the special plea agreement, adjudication of guilt will be withheld. The defendant will be placed on supervised probation, concurrently, for a period of five years under the standard conditions of probation, and the following special conditions: Pay restitution of $713; no use of dangerous drugs; no entry into bars; report to TASC to be drug free; do twenty hours community service; maintain employment; restitution, $415, his part; restitution of $2,500 Crime Compensation Trust Fund; restitution twenty-three seventy-one, his portion of it in the event it’s not reimbursed by the Crime Compensation Trust Fund.