PER CURIAM.
We affirm appellant’s convictions on all points raised in his pro se brief, without prejudice to him filing an appropriate motion for postconviction relief.
Nevertheless, we reverse the judgment and the sentences for Counts 1, 3, 4, 5 and 6, and remand the case for sentencing, because the written forms vary from the oral pronouncement. The trial judge orally adjudicated appellant guilty of all seven counts, yet the written judgment only indicates an adjudication of guilt as to Count 7. As for the sentences, the trial judge orally imposed a 15-year prison sentence on Count 7 followed by a consecutive term of five years of probation on Count 2. On Counts 3, 4 and 5, the judge announced five-year prison terms to be served concurrent to the term imposed for Count 7, and on Counts 1 and 6, the judge imposed one-year terms concurrent to Count 7. The written sentencing orders indicate, however, five-year probationary sentences for Counts 2, 3, 4 and 5, to be served consecutive to the term imposed for Count 7, and fail to mention Counts 1 and 6. Therefore, we reverse the judgment and sentences for Counts 1, 3, 4, 5 and 6 and remand with directions to enter a judgment and sentences in accordance with the oral pronouncement.[1] Taylor v. State, 615 So.2d 230, 230 (Fla. 1st DCA 1993).
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
ERVIN, LAWRENCE and VAN NORTWICK, JJ., concur.

. Based on our disposition of this case, we deny the state’s motion to dismiss the appeal for lack of jurisdiction.