WEBSTER, Judge.
Appellant seeks review of his conviction for an attempted lewd, lascivious or indecent assault upon a child, following a trial on charges of kidnapping and sexual battery, complaining that the trial court committed reversible error when it impermissibly restricted cross-examination of certain witnesses. He also complains that, as conditions of probation, the trial court erroneously ordered him to pay $150.00 to the Sexual Assault Treatment Center for the cost of a rape kit used to examine the victim, and to pay the victim’s future counseling costs as directed by his probation officer. Having carefully reviewed the record, we conclude that the trial court did not impermissibly restrict cross-examination of any witnesses. Accordingly, we affirm appellant’s conviction without further discussion. We affirm, also, *1169 the condition of appellant’s probation whereby he is ordered to pay for the rape kit used to examine the victim. However, we reverse the condition of probation ordering appellant to pay for the victim’s future counseling costs as directed by his probation officer, and remand for further proceedings.
The trial court could properly order appellant to pay the cost of the rape kit used to examine the victim directly to the medical facility that performed the examination. See, e.g., § 775.089(2)(a)l, Fla. Stat. (1995); Gladfelter v. State, 618 So.2d 1364 (Fla.1993). Likewise, the trial court could properly order appellant to pay for the victim’s future counseling costs. § 775.089(2)(a)l & 2, Fla. Stat. (1995). However, “it is error for the trial court to order restitution in an amount to be determined by the probation officer, since this constitutes an unlawful delegation of judicial responsibility to a nonjudicial officer.” Masslieno v. State, 498 So.2d 628 (Fla. 1st DCA 1986). Accordingly, we reverse the condition of probation ordering appellant to pay the victim’s future counseling costs as directed by his probation officer. On remand, the trial court is directed to amend that condition to provide that appellant shall pay the victim’s future counseling costs in an amount to be determined by the trial court following a restitution hearing. See, e.g., Taylor v. State, 615 So.2d 230 (Fla. 1st DCA 1993).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN and MICKLE, JJ., concur.