771 So.2d 39 (2000)
Jason GRUMET, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-4399.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
*40 Richard L. Jorandby, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristine Keaton, Assistant Attorney General, Fort Lauderdale, for appellee.
DELL, J.
Jason Grumet appeals the revocation of his probation for failing to register with the Department of Highway Safety and Motor Vehicles (DMV) within forty-eight hours of changing his address, pursuant to section 943.0435(4), Florida Statutes (1999). We reverse and remand for further proceedings.
On February 8, 1999, appellant pled no contest to two counts of sexual battery with great force not used, contrary to section 794.011(5), Florida Statutes (1995), and was sentenced to ten years sexual offender probation. That same day, appellant signed a sex offender registration form, which stated in part:
The sexual offender is required to report in person to the Department of Highway Safety and Motor Vehicles for purposes of updating this registration within 48 hours of any and each change of residence, and whenever his/her driver's license or identification card is subject to renewal.
Failing to register is a felony of the third degree as specified in 943.0435(10)[[1]] and 944.607(10).
On September 23, 1999, the state filed a violation of sex offender probation affidavit. It alleged that appellant violated condition K-4 which states that a defendant "shall not ... violate any law of any city, county, state or the United States." Although appellant had been living in Coral Springs for more than a month, the affidavit alleged that a search of appellant's residence on September 22, 1999, revealed that his driver's license listed a Boca Raton address. According to the affidavit, appellant violated the registration requirements of section 943.0435, Florida Statutes (1999), by failing to notify the DMV of the change in his permanent or temporary residence within forty-eight hours of his move.
At appellant's revocation hearing, appellant's probation officer testified that he told appellant when he moved from Boca Raton to Pompano Beach and from Pompano Beach to his current address in Coral Springs that he had to register as a sex offender with the DMV within forty-eight hours. Appellant testified that he moved from Boca Raton to his brother's residence in Pompano Beach for about three days at the end of July, 1999, but was asked to leave when his brother was informed that his neighbors would be told of appellant's sexual offender status. Appellant then moved to Coral Springs on or about August 2, 1999.
The evidence further showed that on the date of the revocation hearing, November 3, 1999, appellant had not registered his Coral Springs address with the DMV. Appellant testified that he registered as a *41 sexual offender with the sheriffs department and told his probation officer of his move to Coral Springs, but he did not register with the DMV because he "forgot all about it." Appellant's probation officer testified that appellant was not required to register as a sexual offender with the sheriff's department.
At the conclusion of the revocation hearing, the trial court stated:
Well, forgetting does not make it willful. [Appellant] knew he had to do it, he didn't do it. It's a substantial violation. One of the parts of the sexual offender statute is that he must register, and therefore we must find him guilty of violating condition K-4, failing to register as per Florida law. The testimony is uncontradicted in that regard and we're going to find [appellant] guilty.
The trial court then revoked appellant's probation and sentenced him to 144 months in prison.
Thereafter, appellant filed a motion for rehearing. Appellant alleged that the trial court found that he had violated the terms of his probation by not registering his change of address, pursuant to section 775.21, Florida Statutes. He argued that he did not have to comply with the registration requirements of section 943.0435, Florida Statutes, because the trial court did not verbally declare appellant to be a "sexual predator" pursuant to section 775.21, Florida Statutes. He further argued that his alleged violation did not support the revocation of his probation because it was not a willful, but a technical violation.
The trial court denied appellant's motion for rehearing. It concluded that appellant was not subject to the registration requirements contained in section 775.21, Florida Statutes. However, the trial court concluded that because appellant met the definition of a "sexual offender" in sections 943.0435(1)(a)1(b), Florida Statutes, he was bound by the registration requirement in 943.0435(4), Florida Statutes. The trial court further concluded:
[Appellant] [ ] signed a sexual offender registration form on February 8, 1999, agreeing to notify the Department of any change in his residence, see attached Exhibit D. Therefore, [appellant] was aware of the reporting requirements that he ultimately violated. Consequently, [appellant's] claim that his violation was not willful is without merit.
Appellant raises three issues on appeal.[2] Appellant contends that the DMV registration requirement was a special condition of his probation and because the trial court failed to orally announce it at sentencing, it must be stricken from his probation. Next, appellant contends that the trial court erred in revoking his probation for violating section 943.0435, Florida Statutes, because the statute does not apply to him. Lastly, appellant contends that his violation was a technical non-willful violation that did not support the revocation of his probation.
First, we disagree with appellant's argument that the trial court erred when it failed to orally announce the DMV registration requirement at appellant's sentencing. This condition is required by statute and therefore appellant is charged with constructive notice of its application. See Vasquez v. State, 663 So.2d 1343, 1347 (Fla. 4th DCA 1995)("[W]e continue to adhere to the general principle that all conditions of probation must be orally pronounced at the time of sentencing unless the conditions are statutorily-authorized pursuant to section 948.03 or otherwise based on a Florida statute which will provide the defendant with constructive notice.")(emphasis added); see also Leroux v. *42 State, 665 So.2d 1115, 1116 (Fla. 4th DCA 1996).
Next, appellant argues that because he was not released on or after October 1, 1997, from his probation,[3] pursuant to section 943.0435(1)(a)2, Florida Statutes, he does not have to register with the DMV, as required under section 943.0435(4), Florida Statutes. Section 943.0435, Florida Statutes, must be read in conjunction with Section 944.607, Florida Statutes, which states in part:
(1) As used in this section, the term:
(a) "Sexual offender" means a person who is in the custody or control of, or under the supervision of, the department or is in the custody of a private correctional facility on or after October 1, 1997, as a result of a conviction for committing, or attempting, soliciting, or conspiring to commit, any of the criminal offenses proscribed in the following statutes in this state or similar offenses in another jurisdiction: ... chapter 794....
(9) A sexual offender, as described in this section who is under the supervision of the Department of Corrections but who is not incarcerated shall, in addition to the registration requirements provided in subsection (4), register in the manner provided in s. 943.0435(3), (4), and (5), unless the sexual offender is a sexual predator, in which case he or she shall register as required under s. 775.21. A sexual offender who fails to comply with the requirements of s. 943.0435 is subject to the penalties provided in s. 943.0435(10).
§ 944.607, Fla. Stat. (1999)(emphasis added). Section 943.0435, Florida Statutes, states in part:
(1) As used in this section, the term:
(a) "Sexual offender" means a person who has been: ...
2. Released on or after October 1, 1997, from the sanction imposed for any conviction of an offense described in paragraph 1. For the purposes of subparagraph 1., a sanction imposed in this state or in any other jurisdiction includes, but is not limited to, a fine, probation, community control, ...
(4) Each time a sexual offender's driver's license or identification card is subject to renewal, and within 48 hours after any change in the offender's permanent or temporary residence, the offender shall report in person to a driver's license office, and shall be subject to the requirements specified in subsection (3).
§ 943.0435, Fla. Stat. (1999)(emphasis added).
We agree with appellant that the definition of a sexual offender in section 943.0435(1)(a)2, Florida Statutes, does not apply to him. However, appellant qualifies as a "sexual offender" under section 944.607(1), Florida Statutes, and therefore, he must comply with the registration requirements contained in section 944.607, Florida Statutes. Section 944.607(9), Florida Statutes, incorporates section 943.0435(4), Florida Statutes, and provides: "A sexual offender, as described in this section, ... shall, in addition to the registration requirements provided in subsection (4), register in the manner provided in s. 943.0435(3), (4), and (5)...." See § 944.607(9), Fla. Stat. (1999). Thus, the trial court should have concluded that appellant met the definition of a `sexual offender" under section 944.607(1)(a),(b), Florida Statutes, rather than the definition of sexual offender under section 943.0435(1)(a)1(b), Florida Statutes. However, the trial court correctly concluded that appellant violated his probation when he failed to register with the DMV, as required under section 943.0435(4), Florida Statutes. See Caso v. State, 524 So.2d 422, 424 (Fla.1988)("A conclusion or decision of a trial court will generally be affirmed, even when based on erroneous reasoning, *43 if the evidence or an alternative theory supports it.").
The state's failure to cite to section 944.607, Florida Statutes, in the violation of probation affidavit, does not undermine the affidavit's validity or violate appellant's due process rights. Appellant had actual notice that section 944.607, Florida Statutes, applied to his status as a sexual offender, and constructive notice of subsection section 944.607(9), Florida Statutes. See Vasquez, 663 So.2d at 1347. He acknowledged by his signature on the sex offender registration form that he understood he had to comply with the DMV registration requirement. In addition, the violation of probation affidavit adequately apprized him of his alleged violation. See Evans v. State, 409 So.2d 1078 (Fla. 4th DCA 1982). It provided the basic facts concerning his alleged violation and the operative statute that appellant violated.
Lastly, appellant contends that his violation was a technical non-willful violation. He argues that a reversal of his revocation of probation is required because the trial court commented that "forgetting does not make it willful" and the evidence does not show a willful violation. Initially, we reject appellant's argument that his failure to report was a mere technical violation of the terms of his probation. Failure to register as a sexual offender, as required by statute, is a substantial violation of the terms of a sexual offender's probation. Moreover, the trial court's comment that "forgetting does not make it willful" must be considered in the context in which it was made. Following this comment, the trial court concluded that appellant had substantially violated the terms of his probation by failing to register as a sex offender. Thereafter, the trial court made an express finding in its order denying appellant's motion for rehearing that "[appellant's] claim that his violation was not willful is without merit."
We are persuaded that the trial court's statement that "forgetting is not willful" must be reconciled with its subsequent finding of willfulness. It appears from the court's order denying appellant's motion for rehearing that the trial court rejected appellant's testimony that "he forgot all about it." The trial court apparently concluded that based upon appellant's agreement to notify the DMV of any change in his residence, he was aware of the registration requirement that he ultimately violated and therefore his failure to report was willful.
Because we cannot resolve the trial court's conflicting statements concerning whether appellant willfully violated a condition of his probation, we reverse and remand this cause for clarification. In the event the trial court again finds, based on the evidence, that appellant has willfully violated a condition of his probation, the trial court shall provide findings of fact in support of its conclusion.
Accordingly, we reverse the order revoking appellant's probation and remand to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
TAYLOR, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, J., specially concurring.
I have joined in Judge Dell's opinion but write to add that I am not confident that the comments of the trial judge at the conclusion of the VOP hearing are truly ambiguous. To expand the context of the trial judge comments, the appropriate passage in its entirety is as follows:
"In this particular case, although it's not an alleged violation, he apparently changed residence address, a violation of *44 condition K-1, without prior approval. That's another violation there. And the gentleman indicated that he knewthe probation officer testified he had instructed that he had to report within 48 hours and was instructed on this specific occasion once they found out that he was living in Coral Springs. The gentleman indicates he simply already forgot. Well, forgetting does not make it willful. He knew he had to do it. He didn't do it. It's a substantial violation."[4] [e.s.]
It occurs to me that the first of the underscored sentences might simply be an acknowledgment of the abstract proposition that merely forgetting to do an act does not equate with intentionally and willfully refusing to do it. The entire context suggests to me that the trial judge found the failure to comply with section 943.0435 not a mere oversight because his probation officer had just reminded him of the obligation, yet he still had not done it. On remand the trial judge can place his authoritative construction on the passage.
NOTES
[1] In a footnote to section 944.607(9), Florida Statutes (1999), which references section 943.0435(10), the Division of Statutory Revision of the Office of Legislative Services noted: "Section 943.0435(10) does not provide penalties." Section 943.0435(9), Florida Statutes, provides: "A sexual offender who does not comply with requirements of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, s. 775.084."
[2] The state has filed a notice of concession of error. We reject the state's concession that the trial court erred when it found appellant subject to section 943.0435, Florida Statutes. We also reject the state's concession that the trial court's comment at the conclusion of the revocation hearing requires us to reverse the trial court's finding that appellant willfully violated his probation.
[3] Appellant was not scheduled to be released from his sexual offender probation until 2009.
[4] Similarly pronounced words are the bane of all court reporters and often challenging for appellate judges struggling to make sense of the reported words. In the sentence reported as "Well, [e.s.] forgetting does not make it willful," I would not be surprised to learn that what the judge really said was "While [e.s.] forgetting does not make it willful...." That would mean that the reporter's sentence arrangement was thus also perhaps slightly amiss. The true passage might well have been: "While forgetting does not make it willful, the gentleman knew he had to do it." That would also more logically explain the judge's antecedent finding that the officer had also instructed defendant on this occasion of the reporting requirement.

Except for a gifted few (Winston Churchill, Abba Eban), the spoken language does not come rolling out in fully punctuated sentences and paragraphs. For that reason, I do not believe that appellate judges ought to be bound by the syntactical structure appearing in transcripts. I believe that because of the press of time and volume the syntactical structure of transcripts is little more than one person's formatting opinion. I therefore feel bound to reorganize the reported words into any arrangement of sentences and paragraphs, as well as to repunctuate them and even supply diacritical marks, so that the trial judge's comments appear to make more apt contextual sense.