GROSS, J.
Kevin Hollingshead timely appeals an order finding him in violation of his probation. We affirm.
On February 12, 1999, Hollingshead was charged by information with trafficking between twenty-eight and thirty kilograms of hydrocodone. On August 20, 1999, he entered a plea of nolo contendere and was *628 placed on probation for a period of seven years. Condition eight of the terras of his probation provided: “You will promptly and truthfully answer all inquiries directed to you by the Court or your officer, and allow your officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions your officer may give you.”
On October 4, 2001, the Department of Corrections filed an affidavit of violation of probation, alleging that appellant had violated condition eight by
failing] to follow verbal and personal instructions given to him on September 4, 2001, instructing him personally to recontact this officer on September 6, 2001, to advise him of his specific whereabouts and if he would be gainfully employed, and the subject has failed to do so and he has not done so as of September 10, 2001. His whereabouts are unknown as of September 11, 2001.[1]
An evidentiary hearing was held on April 4, 2002.
Vivian Bryant, appellant’s probation officer, assumed responsibility for supervising him on July 24, 2001. Two days later, Ms. Bryant explained to appellant all of the terms and conditions of probation, as well as the consequences of failing to follow these terms and conditions.
On September 4, 2001, after learning that appellant would be staying at a temporary address for two days due to the recent loss of his job, Ms. Bryant instructed appellant that he needed to report to her in-person on September 7th for a face-to-face meeting for appellant to tell her where- his new residence and employment were going to be.
The appellant did not report to Bryant as instructed. On September 11, 2001, she filed a violation of probation affidavit. On September 13, 2001, appellant called Bryant, who instructed him to report the next day. However, appellant never reported to Bryant in person.
On cross-examination, defense counsel asked Bryant if she remembered stating, in the affidavit seeking violation of probation, that she had informed appellant to report by September 6th. Ms. Bryant said it was possible she may have made a mistake, as her written notes indicated the date was actually September 7th. The state then rested its case.
Appellant testified that he lost his job and housing, which he had as part of his employment, in early September. He informed Bryant of this on September 4th. Appellant told Bryant that he was moving in with a friend and gave her a telephone number where he could be reached. He claimed that Bryant “didn’t tell [him] anything about contacting her [on the 6th or the 7th].” Appellant said that the conversation ended with the understanding he would contact Ms. Bryant if anything changed with his employment or housing situation.
Appellant acknowledged calling Bryant on September 13th, at which time she told him that he was supposed to have reported to her on September 6th or 7th. Appellant repeated his claim that she never told him of this reporting requirement at any time before this conversation on the 13th. After Bryant told appellant that he had vió- *629 lated his probation, he stopped reporting and was subsequently arrested on November 5th, 2001.
In closing argument, defense counsel argued that appellant could not be found to have violated condition eight by failing to report on September 6th, because according to Ms. Bryant’s testimony, she instructed appellant to report on September 7th. The state argued that this discrepancy was merely a scrivener’s error and that appellant had suffered no prejudice through the discrepancy in dates. Neither party offered any authority to the court.
The trial court found that Bryant directed appellant to report on September 7th and that he failed to report, concluding that appellant had willfully and substantially violated his probation by failing to comply with condition eight.
At the sentencing hearing, despite finding appellant to be in violation of probation, the trial court decided against sending him to prison, instead choosing to continue the terms of appellant’s probation.
The failure to follow routine supervisory instructions given by a probation officer is a proper ground for a violation of probation. See Roff v. State, 644 So.2d 166, 167 (Fla. 4th DCA 1994). However, appellant argues that because there is a discrepancy between the reporting date in the affidavit of violation of probation [September 6th] and the date by which Bryant testified that she instructed appellant to report [September 7th], the affidavit is fatally flawed, such that “the trial court abused its discretion by finding appellant in violation of probation.”
Because appellant suffered no prejudice as a result of the discrepancy in dates, the mix-up amounts to nothing more than harmless error.
An allegation of violation of probation need not be set forth with the same specificity required for an indictment or information. See Costanz v. State, 740 So.2d 71, 72 (Fla. 4th DCA 1999); Burton v. State, 651 So.2d 793, 794 (Fla. 1st DCA 1995). Nonetheless, even under the law applicable to indictments, appellant would not be entitled to a reversal. Setting forth the legal considerations that apply to this type of case, Florida Rule of Criminal Procedure 3.140(o) states:
(o) Defects and Variances. No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.
To say that the discrepancy in dates precludes the finding of a violation of probation is to ignore both the substance of Rule 3.140(o) and the fact that appellant here suffered no harm due to the scrivener’s error. See Craig v. State, 585 So.2d 278, 280-81 (Fla.1991) (finding that one-day discrepancy in murder indictment, which conflicted with evidence adduced at trial concerning date of crime, was not prejudicial where defendant deposed numerous witnesses and substantially knew sequence of events that ran over the two days in question); Tingley v. State, 549 So.2d 649, 651 (Fla.1989) (noting that date and time is ordinarily not a substantive part of an indictment or information and that there may be a variance between the dates proved at trial and those alleged in the indictment as long as: “(1) *630 the crime was committed before the return date of the indictment; (2) the crime was committed within the applicable statute of limitations; and (3) the defendant has been neither ... surprised nor hampered in preparing his defense”).
AFFIRMED.
KLEIN and SHAHOOD, JJ., concur.

. The Department alleged seven different grounds in support of revoking appellant’s probation. At the conclusion of the evidentia-ry hearing, the state announced that it was proceeding on only three of these seven grounds, violations of conditions three, seven, and eight. The trial court ultimately concluded that the evidence did not warrant revocation of probation for either conditions three or seven, leaving the violation of condition eight as the only issue before this court on appeal.