954 So.2d 90 (2007)
Christopher McMANN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3545.
District Court of Appeal of Florida, First District.
April 19, 2007.
Nancy A. Daniels, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Edward C. Hill, Jr., Special Counsel, Criminal Appeals, and Betty Cheramie, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Christopher McMann, appeals his judgment and sentence and argues that the trial court erred in denying his motion to dismiss the charge of failing to report every six months to the county sheriff's office in violation of section 943.0435(14)(a), Florida Statutes (2005). We agree with Appellant that he did not qualify as a sexual offender under section 943.0435 because he was on probation. See § 943.0435(1)(a)2., Fla. Stat. (2005) (defining a "sexual offender," as that term is used in section 943.0435, as a person who has been released on or after October 1, 1997, from the sanction imposed for an enumerated offense and providing that a sanction includes but is not limited to probation); see also Grumet v. State, 771 So.2d 39, 42 (Fla. 4th DCA 2000). However, Appellant did qualify as a sexual offender under section 944.607, Florida Statutes (2005). See § 944.607(1)(a), Fla. Stat. (2005) (defining "sexual offender," as that *91 term is used in section 944.607, as a person who is in the custody or control of, or under the supervision of, the department or is in the custody of a private correctional facility); see also Grumet, 771 So.2d at 42.
Importantly, section 944.607(13)(a) has the same reporting requirement as does section 943.0435(14)(a) and contains identical language. While the State properly included the language of section 944.607(13)(a) in the charging document, it erred in citing section 943.0435(14)(a). However, an "[e]rror in or omission of the citation [in the charging document] shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice." Fla. R.Crim. P. 3.140(d)(1). Appellant has neither alleged nor demonstrated that the State's error misled him to his prejudice.
Accordingly, we AFFIRM.
WOLF, DAVIS, and THOMAS, JJ., concur.