997 So.2d 1228 (2008)
STATE of Florida, Appellant,
v.
Andrew Frank HAUBRICK and Justin B. Millians, Appellees.
No. 1D07-6283.
District Court of Appeal of Florida, First District.
December 31, 2008.
Bill McCollum, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Appellant.
Tony Bajoczky, Tallahassee, and Robert A. Harper, III, Harper & Harper Law Firm, P.A., Tallahassee, for Appellees.
BARFIELD, J.
The state appeals an order granting a motion to dismiss an amended information. We reverse the order.
The original information charged the appellees with sexual battery by multiple perpetrators, "while the victim was physically helpless to resist," citing sections 794.011(4) and 794.023, Florida Statutes, and tracking the language of those statutes. The trial court found that there was "not the barest bit of prima facie case that would support the physically helpless component of that particular charge," and granted the appellees' motion to dismiss the information pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The order quoted section 794.011(6), Florida Statutes, as providing that "the offense described in Section 794.011(5) is included in any offense charged under Section 794.011(4), and stated that the information "may be amended to proceed under Section 794.011(5), Florida Statutes."
The state chose not to appeal this ruling, and instead filed an amended information which removed the language, "while the victim was physically helpless to resist," from the text of the original information, but it failed to change the statutory citation of section 794.011 from subsection (4) to subsection (5). The appellees waited several months until just before trial to orally challenge the amended information, and the state failed to object that the challenge was untimely.
Appellees asserted to the trial court that, notwithstanding the removal of the "physically helpless" language, they were "confused and prejudiced" in the preparation of their defense by the amended information. When the court asked how they were prejudiced, they stated that that they had "definitely been prejudiced by having *1229 the jury sworn under the wrong charge and having to proceed with voir dire under the wrong charge." The state argued that the circumstances demonstrated that the erroneous statutory citation was merely a scrivener's error and that there was no evidence that the defendants had been confused regarding the offense with which they were charged. It noted that the charge read to the venire contained the text of the amended information, without the statutory cites, and that there had been no mention by either side during voir dire of physical helplessness or incapacity. The trial court refused to allow the state to correct the scrivener's error in the statutory citation, orally granted the motion to dismiss, and then discharged the jury.
In its written order of dismissal entered several months later, the trial court found that the amended information had omitted an "essential element" of an offense under section 794.011(5): "and in the process thereof does not use physical force and violence likely to cause serious personal injury." It found that the appellees had been "confused and prejudiced" by the amended information, and that "it would be prejudicial to the defendants' [sic] to allow the State to amend."
We find that the trial court's "essential element" finding is patently erroneous, and that the record contains no evidence to support the trial court's finding that the appellees were "confused and prejudiced" by the amended information other than their bare assertions to that effect. We find that the trial court clearly abused its discretion by granting the motion to dismiss the amended information without allowing the state to correct the scrivener's error in the statutory citation, contrary to Florida Rule of Criminal Procedure 3.140(d)(1). See McMann v. State, 954 So.2d 90 (Fla. 1st DCA 2007); Johnson v. State, 598 So.2d 282 (Fla. 1st DCA 1992).
On July 14, 2008, appellees filed a motion to dismiss the appeal as moot. We find the motion to be without merit. The motion is therefore DENIED, the trial court's order dismissing the amended information is REVERSED, and the case is REMANDED to the trial court for further proceedings consistent with this opinion.
DAVIS and HAWKES, JJ., concur.