NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GERREN JOSEPH WASHINGTON,       )
                                )
        Appellant,              )
                                )
v.                              )       Case No. 2D16-3036
                                )
STATE OF FLORIDA,               )
                                )
        Appellee.               )
_____ )

Opinion filed October 20, 2017.

Appeal from the Circuit Court for Lee
County; J. Frank Porter, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SILBERMAN, Judge.

        In this Anders[1] appeal, we affirm the revocation of Gerren Joseph

Washington's community control and resulting sentence. We remand only to correct

two scrivener's errors in the revocation order.

_____
        [1]Anders v. California, 386 U.S. 738 (1967).

First, Washington's appellate counsel pointed out in her <u>Anders</u> brief that the revocation order incorrectly reflects that Washington admitted to the violation of community control instead of accurately reflecting that the trial court found him to be in violation after an evidentiary hearing.

Second, the affidavit of violation alleges a violation of condition 15 of Washington's community control for failure to remain at his approved residence. However, condition 16 requires him to remain at his approved residence; condition 15 requires him to report to his officer as directed. The affidavit of violation described a violation of condition 16 for failing to be at his approved residence but merely cited the wrong condition number. The State presented evidence that proved and the trial court found that Washington was away from his approved residence in violation of his community control, a violation of condition 16.

A violation of supervision need not be alleged with the same specificity necessary for an information charging an offense, <u>see</u> <u>Hollingshead v. State</u>, 846 So. 2d 627, 629 (Fla. 4th DCA 2003), and even a charging document's error in citation "shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice." <u>McMann v. State</u>, 954 So. 2d 90, 91 (Fla. 1st DCA 2007) (quoting Fla. R. Crim. P. 3.140(d)(1)). It was clear in this case to all parties and the court that the alleged violation was for Washington being away from his approved residence, a violation of condition 16.

Thus, we affirm the revocation of community control and sentence but remand to correct the scrivener's error in the revocation order to properly reflect that the

trial court found Washington in violation after a hearing.  See Mitchell v. State, 190 So. 3d 1135, 1135 (Fla. 2d DCA 2016).  In addition, on remand the trial court shall correct the scrivener's error to show in the revocation order that Washington was actually found in violation of condition 16.

Affirmed and remanded.


SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.