# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-1364
Lower Tribunal No. F89-34591

————————————

**Randy Washington,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Randy Washington, in proper person.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.

Before SCALES, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed.  See § 921.16(1), Fla. Stat. (1989) ("A defendant convicted of two or more offenses charged in the same indictment . . . shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively.  Sentences of imprisonment for offenses not charged in the same indictment . . . shall be served consecutively unless the court directs that two or more of the sentences be served concurrently."); § 775.021(4)(a), Fla. Stat. (1989) ("Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively."); Boltuch v. State, 95 So. 3d 338, 339 (Fla. 4th DCA 2012) (holding defendant's consecutive sentences legal even though criminal act occurred during single episode because act affected two separate victims); § 775.082(1), Fla. Stat. (1989) ("A person who has been convicted of a capital felony shall be punished by life imprisonment and shall be required to serve no less than 25 years before becoming eligible for parole . . . ."); State v. Haubrick, 997 So. 2d 1228, 1228–29 (Fla. 1st DCA 2008) (finding trial court abused its discretion in dismissing an information "without allowing the state to correct the scrivener's error in the statutory citation").