# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

KEANDRE DASHAWN IVORY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D23-891

_____

March 20, 2024

Appeal from the Circuit Court for Pinellas County; Pat Siracusa, Judge.

Howard L. Dimmig, II, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General, Tallahassee, for Appellee.


BLACK, Judge.

In this *Anders*[1] appeal, we affirm without comment the revocation of Keandre Dashawn Ivory's probation in circuit court case nos. 14-15085-CF and 14-15318-CF and the resulting sentences. However, we

_____

[1] *Anders v. California*, 386 U.S. 738 (1967).

remand for the correction of a scrivener's error in the revocation order entered in case no. 14-15318-CF.

The affidavit of violation alleged in part that Ivory had violated condition 21 of his probation in each case for failing to abide by his curfew. But in case no. 14-15318-CF, condition 21 required Ivory to submit to random drug and alcohol testing; it was condition 22 that imposed a curfew in that case. Despite identifying the condition violated in case no. 14-15318-CF as condition 21 rather than condition 22, the affidavit of violation described the condition as requiring Ivory to abide by a curfew. And it is clear that the parties and the court understood the violation in both cases to be the failure to abide by the curfew imposed. *See Washington v. State*, 228 So. 3d 707, 708 (Fla. 2d DCA 2017) ("A violation of supervision need not be alleged with the same specificity necessary for an information charging an offense, and even a charging document's error in citation 'shall not be ground for dismissing the count or for a reversal of a conviction based thereon if the error or omission did not mislead the defendant to the defendant's prejudice.' " (first citing *Hollingshead v. State*, 846 So. 2d 627, 629 (Fla. 4th DCA 2003); and then quoting *McMann v. State*, 954 So. 2d 90, 91 (Fla. 1st DCA 2007))).

Therefore, we affirm the order of revocation and sentence in each case but remand for the circuit court to correct the revocation order entered in case no. 14-15318-CF to reflect that Ivory was found to be in violation of condition 22 instead of condition 21. *See id.*

Affirmed; remanded.

SILBERMAN and SMITH, JJ., Concur.

---

Opinion subject to revision prior to official publication.